**No. 25-30700**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**JENNIFER PAYNE,**
**Plaintiff - Appellant**
**v.**

**HAMMOND CITY,**
**Defendant - Appellee**

---

**On Appeal from the United States District Court**
**for the Eastern District of Louisiana, No. 2:24-cv-01857**
**Hon. Susie Morgan, Presiding**

---

# REPLY BRIEF OF PLAINTIFF - APPELLANT

---

**Respectfully Submitted,**


**ANNA M. SINGLETON, LSBN #40050**
*KIEFER & KIEFER*
1100 Poydras Street, Suite 1300
New Orleans, LA 70163
Telephone: (504) 828-3313
Facsimile: (504) 828-0024

*Counsel for Plaintiff - Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, a copy of this Certificate was electronically filed via CM/ECF and served on all counsel of record.

Signed:

<u>s/ Anna Singleton</u>
April 30, 2026

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... 3
TABLE OF AUTHORITIES .......... 4
INTRODUCTION .......... 5

I. ARGUMENT .......... 6
CONCLUSION. .......... 16
CERTIFICATE OF SERVICE .......... 18
CERTIFICATE OF COMPLIANCE .......... 18

## TABLE OF AUTHORITIES

**Cases**

*Lyle W. Cayce v. Allstate Assurance Co.,* 924 F.3d 443 (5th Cir. 2021)……….8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).....................................8

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)…………11,12

*Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991)………..12

*Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222–23 (5th Cir. 2000)…….12

*Wallace v. Methodist Hosp. Sys*. 271 F.3d 219 (5th Cir. 2001) ..............................23

*Wallace v. Seton Family Hospitals*, 777 Fed. Appx. 83 (5th Cir. 2019).......... 28, 29

**Rules**

Fed.R.Civ.P. 56(a)..........................................................................................5, 8

Fed. R. App. P. 28(a)(6), (8)………………………………………………………..8

## I. INTRODUCTION

This appeal arises from a straightforward violation of the summary judgment standard. Even in a case set for a bench trial, Rule 56 does not authorize the court to resolve disputed facts, credit on party's version of events over another's or reject contrary evidence. See Fed. R. Civ. P.56(a). Here, the District Court did just that. At summary judgment stage the court's role is limited to determining whether a genuine dispute of material facts exists, not to decide it.

By granting summary judgment on the eve of trial, the district court effectively did just that. It accepted the City's account of the operative events, discounted contrary record evidence, and drew inferences in the City's favor. That approach is impermissible. This Court has repeatedly held that summary judgment must be denied where the record permits competing reasonable inferences, because the resolution of those inferences is a task reserved for trial, even where the trial will be to the bench.

The error is particularly pronounced here, where the parties had fully developed the factual record in anticipation of trial. Rather than allowing the factfinder to assess credibility, weigh evidence, and resolve factual disputes, the court short-circuited that process and entered judgment as a matter of law. Rule 56 does not permit a

district court to convert its summary judgment role into that of factfinder simply because it would ultimately serve in that capacity at trial.

Appellee's brief repeats the same error. It asks this Court to affirm by weighing competing evidence, drawing inferences in the City's favor, and disregarding Appellant's sworn testimony. Appellee's attempt to recast this case as one lacking comparator evidence fails for the same reason as the district court's ruling: it depends on resolving disputed facts in the City's favor. When the record is properly viewed in the light most favorable to Appellant, the evidence of similarly situated male officers treated more favorably creates a triable issue of discrimination.

## ARGUMENT

### II. APPELLANT'S CONTENTIONS ARE NOT UNSUBSTANTIATED

Appellee faults Appellant for not including record citations for each factual statement in the Argument section. Appellant acknowledges that many of the citations appear in the Statement of the Case, where they are set out in detail, and incorporates those by reference. The Argument section relies on those same supported facts and includes citations where necessary. Appellee identifies no specific factual assertion that lacks record support, and its objection provides no basis to disregard the merits. *See* Fed. R. App. P. 28(a)(6), (8).

## III. WAIVER DOES NOT APPLY

Appellee's waiver argument also fails. Appellant squarely presented a disparate treatment claim below, supported by record evidence that similarly situated male officers were treated more favorably,[1] and were not subjected to the same demotion imposed on Appellant.[2] Plaintiff listed and subpoenaed for trial several fellow officers and supervisors to testify about the disparate treatment Appellee was subjected to including being rejected light duty, two-rank demotion "including relevant employment decisions and communications as Plaintiff's supervisor."[3]

That evidence, and the disparate-treatment theory it supports, was squarely before the district court. The additional fact that Appellant was replaced by a male officer is part of the same evidentiary showing and does not constitute a new theory on appeal. Because the district court had a fair opportunity to consider Appellant's disparate-treatment claim based on the cited record, there is no waiver. Elaboration or refinement of those arguments on appeal does not constitute waiver. In any event, the question at summary judgment was whether the record evidence viewed in the light most favorable to Appellant, could support a finding of disparate treatment. Appellant's cited evidence plainly satisfies that standard.

---

[1] ROA. 1287-1288. ROA 1225-1226.ROA. 1232.
[2] ROA. 1413, ROA. 1433 (pg. 135) ROA. 613. ROA. 690, 695.
[3] ROA. 1605-1608.

## IV. APPELLEE'S THEORY DEPENDS ON IMPERMISSIBLE FACTFINDING AT SUMMARY JUDGMENT

Appellee asks this Court to affirm by crediting its version of disputed facts, discounting Appellant's sworn evidence, and drawing inferences in its favor, the opposite of what Rule 56 permits. *See*, *Lyle W. Cayce v. Allstate Assurance Co.,* 924 F.3d 443 (5th Cir. 2021).

Appellee's central premise, that Appellant was "not eligible to return to work in any capacity", is treated as undisputed and then used to defeat every claim. But that premise is contested and supported by contrary record evidence. Where competing evidence exists, summary judgment is improper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## V. THE ABILITY OF PAYNE TO RETURN TO WORK IN ANY CAPACITY AND THE AVAILABILITY OF LIGHT DUTY AS AN ACCOMODATION ARE DISPUTED FACTS

The City premises its entire argument on the fact that because Payne was forced to take a sick day to undergo an injection that she was required to see the City Doctor before returning to work. The City ignores the fact that Payne was refused light duty (for the third time), forcing her to take that sick day. Appellant presented evidence that she was cleared for restricted/light duty and sought to return with limitations. She further presented evidence that light duty was available to other male officers but not Payne. Importantly, Payne's position at the time of the light

duty request was sedentary in nature, which conflicts with the City's allegations that Payne did not prove that male officers given the opportunity to work light duty had similar positions, as patrol officers' duties require a heightened physical requirements.[4] In fact, Ryan Ray's Affidavit clearly states he is a police officer and the Chief of Police offered him light duty, contradicting the City's every changing position on its light duty policy, and that it was offered to male employees and rejected when Payne requested the same accommodation.[5]

When Payne attempted to obtain information about light duty through a public records request, she was refused any supporting documentation regarding the policy and told "it was not tracked."[6] This too was contradicted by the sworn testimony of Capt. Scivicque, who testified that he had never seen light duty available.[7] Capt. Scivicque's sworn testimony was contradicted by both Chief Bergeron and Lt. Mauro. Lt. Mauro testified that there used to be light duty to there is no longer light duty available to any officer in any capacity.[8] Chief Bergeron testified that there is no light duty under the civil service laws, state law, constitution of Louisiana does not allow light duty, only full duty or no duty.[9] The availability of light duty as a

---

[4] ROA. 1244-1248.
[5] ROA. 1287-1288, Plaintiff's Exhibit 8 to Opposition to Motion for Summary Judgment. See also, ROA. 679-680.
[6] ROA. 1292-1298 at 1295.
[7] ROA. 1010.
[8] ROA. 1429-1430.
[9] ROA. 1098. ROA. 1112.

reasonable accommodation is clearly in dispute as set forth in Appellant's Original Brief and above. Accordingly, this is a classic factual dispute that cannot be resolved on summary judgment without making credibility determinations, which is improper.

Appellee also misrepresents Payne's eligibility to return to work in any capacity. The Affidavit cited in support of this contention actually supports Appellant's position that summary judgment was improperly granted.[10] Additionally, Appellee's reliance on isolated medical statements that Appellant's condition was "likely permanent" ignores the full record. Treating providers also recommended a Functional Capacity Evaluation ("FCE") to assess Appellant's actual work capabilities, demonstrating that her ability to perform her duties had not been definitively determined.[11] Moreover, the City failed to provide Appellant a reasonable period to recover from serious surgery before taking adverse action. Most importantly, Appellant's physician later submitted an affidavit clarifying that she could perform the essential functions of her position after reasonable recovery, and the City's policies likely prolonged her recovery.[12] At minimum, this evidence creates a genuine dispute of material fact that precludes summary judgment.

---

[10] ROA. 664-669.

[11] ROA. 1276-1277 No. 14. ROA. 1285-1286. Exhibit 56 to Defendant's Motion for Summary Judgment.

[12] ROA. 1275-1277, Exhibits 6 & 7 to Plaintiff's Opposition to Motion for Summary Judgment.

The City takes the position that because her treating physician and the city doctor completed a two-page report that was never followed up on she was ineligible to work in any capacity. That clash is quintessentially factual. By converting a contested factual issue into a dispositive legal premise, the district court (and Appellee) weighed the evidence, which is reversable error.

## VII. COMPARATOR EVIDENCE PRESENTS A CREDIBILITY QUESTION

Appellee argues Appellant failed to identify "nearly identical" comparators and invites this Court to parse factual differences and reject the Ray affidavit. That is not the summary judgment standard. While comparators must be similarly situated, the Fifth Circuit recognizes that whether employees are "nearly identical" is often a question for the fact finder when supported by evidence. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). Where, like here, a plaintiff produces evidence that a comparator was subject to the same policies, worked under the same decisionmakers and was treated more favorably, summary judgment is inappropriate if a reasonable jury could find sufficient similarity. *Id.*

Appellant offered sworn comparator evidence supporting differential treatment in light-duty handling.[13] Appellee's response asks the Court to discredit his

[13] ROA. 1287-1288.

testimony and resolve factual distinctions in its favor. That is impermissible. *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991) *(citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253–55 (1986)).

## VIII. APPELLEE MISSTATES THE PRETEXT STANDARD

Appellee contends its reasons, sick leave violation and medical restrictions defeat pretext as a matter of law. But at summary judgment, the question is not whether the employer's explanation is plausible; it is whether a reasonable factfinder could disbelieve it. *See, Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222–23 (5th Cir. 2000). A plaintiff creates a triable issue of pretext by presenting evidence that the stated reason is false or inconsistent, or discrimination/retaliation was a motivating factor. *Id*.

### A. THE RECORD EVIDENCE SUPPORTS PAYNE'S RETALIATORY DEMOTION AND DISCHARGE CLAIM

The City argues that the District Court properly dismissed Payne's retaliatory demotion claim. It argues that because the investigation, notification of findings, and pre-disciplinary hearing occurred before Payne filed the EEOC Charge and because Chief Bergeron allegedly attended a meeting with OSE before the EEOC Charge the District Court correctly found that while Payne established a prima facie case for

retaliatory discharge, she failed to produce evidence that the stated purpose of the demotion, violation of the sick leave policy was pretextual.

This misstates the record. Plaintiff's Statement of Contested facts, with record citations, in addition to Sworn Affidavit's submitted by the City, at the very least, presents contradictory evidence that disputes Defendant's stated purpose for demoting Payne.[14] Payne filed the EEOC Charge on May 3, 2023, and the City was notified of the Charge on May 9, 2022.[15] On May 23, 2023, a second investigation was initiated for another alleged sick leave violation where Payne attended a fundraiser and ate dinner, one of the approved activities allowed under the policy.[16] This investigation was initiated two days before Payne was demoted. Interestingly, the investigation into the second violation took only three months, was signed and dated by the Chief, and Payne was suspended for one (1) day for the second write-up.[17] On May 25, 2023, Payne was demoted for a sick leave violation that is disputed and allegedly occurred eight months prior to the demotion.

Payne was promoted to the rank of probationary Lieutenant on February 18, 2022. A working test period is required for promotions that last no less than six months and no longer than one year. After **nine months** as Lieutenant, Payne's

[14] ROA. 1229-1232.
[15] ROA. 1229- 1230, Nos. 9-10.
[16] ROA. 769.
[17] ROA. 779.

working test period was paused on October 25, 2022, while she was out on sick leave.[18] The City alleges without proof that she had not met the six-month working requirement due to intermittent sick leave.[19]

Payne had previously been approved to go on a scheduled vacation from September 5-10, 2022. On September 2, 2022, Payne was forced to take a sick day as a result of being refused to work light duty.[20] Payne submitted an APR from her treating physician advising she would work light duty from September 3-10, 2022.[21] Her supervisor, the same one who filed both sick leave violation complaints against her after reviewing Facebook, looked to see how many days she had missed and reported that she would need to see the city doctor as it was her seventh non-consecutive sick day. This ignores the fact that her own treating providers releasing her on light duty. The City Doctor submitted an APR releasing her on light duty on September 16, 2022, this request was again denied.[22] The City's shifting position on these issues warrants reversal as there remains a factual dispute if the City's stated purpose for demotion and later termination were pretextual.

---

[18] ROA. 664, Nos. 7-9.
[19] ROA. 666.
[20] ROA. 666.
[21] ROA. 666.
[22] ROA. 666.

The record supports that there is a genuine dispute that Payne was demoted and subsequently terminated in retaliation for filing an EEOC Complaint. For the first time in the departments history, Payne was demoted two-ranks for a first time sick leave violation.[23] Chief Bergeron testified that the decision to demote her two ranks was made after consulting with the Office of State Examiners on 5/4/23.[24] However, the original "Final Disciplinary Notification" included with the Noice of Violation was unsigned and did not have demotion listed as one of its options for discipline.[25] Without explanation, a second "Final Disciplinary Notice" was included after the prior notice. Interestingly, this Notice, for the first time, included demotion as an option for discipline, and the actual Notification was signed by the Chief of Police but undated.[26] The "Approvals" section of the Notice was signed and dated by her Supervisors on 4/26/23, by Diana McMahon, Human Resources Director on 4/27/23. The 4/26/23 approvals of the demotion of Payne predate the 5/4/23 meeting and contradict Chief Bergeron's sworn statement.

Payne's alleged sick leave policy violation is also disputed and there is record evidence to support her allegations that she was not on sick leave during her pre-planned scheduled vacation. Despite her treating physician releasing her on light

---

[23] ROA. 1093.
[24] ROA. 661-663 at 662 # 15-17.
[25] ROA.694, City's Exhibit 14A to Motion for Summary Judgment.
[26] ROA. 695, City's Exhibit 14B to Motion for Summary Judgment.

duty on September 3rd, the City required her to see the City Doctor who does not treat her and is not a specialist, unlike her treating physician, Dr. Oberlander. Payne's scheduled vacation was previously approved, and she was in constant communication with HR prior to leaving regarding her going on a cruise and rescheduling an appointment to see the city doctor.[27]

Accordingly, Appellant produced evidence contradicting that a sick leave policy violation even occurred, the "cannot work in any capacity" premise, showing differential enforcement of policies, and supporting an inference that the City's reasons were pretextual. A reasonable factfinder could find the City's stated purpose for demotion and termination was pretextual.

## IX. CONCLUSION

The district court did not grant summary judgment because the record lacked evidence, it granted summary judgment by choosing between competing evidence. That is not the function of Rule 56. Because a reasonable jury could find that Appellant was treated less favorably than similarly situated male officers, that the City's stated reasons were pretextual, and that Appellant could

[27] ROA. 1266-1268, Exhibit 2 to Payne's Opposition to Motion for Summary Judgment.

perform her job with reasonable accommodation, the judgment must be reversed. This Court should remand the case for trial, where these disputed issues belong.

Respectfully submitted,

s/ Anna Singleton
**ANNA M. SINGLETON (#40050)**
1100 Poydras Street, Suite 1300
New Orleans, LA 70163
Telephone: (504) 828-3313
Facsimile: (504) 828-0024
Email: megan@kieferlaw.com
asingleton@kieferlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, a copy of this brief was electronically filed via CM/ECF and served on all counsel of record.

Signed:

s/ Anna Singleton
April 30, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), containing 2,960 words, excluding the parts exempted by Fed. R. App. P.32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(A)(5) and the type requirements of Fed. R. App. P. (A)(6) because this brief has been prepared in a proportionally spaced typeface, using Microsoft Word 2010 with a 14-point font named Times New Roman.

Signed:

s/ Anna Singleton
April 30, 2026